***********
Upon reconsideration of the evidence based upon Plaintiff's motion and Defendants' response, the Full Commission enters the following Order:
1. The relief sought by Plaintiff in his Motion for Reconsideration is DENIED.
2. Based upon Defendants' response to Plaintiff's Motion for Reconsideration and after further review, the Full Commission amends the Opinion and Award for the Full Commission filed May 9, 2011 as follows:
Finding of Fact Number 16 is STRICKEN and the following finding of fact is substituted in its place:
 "16. There was a valid legal issue regarding Defendants' obligation, if any, to contribute to Plaintiff's rent for accessible housing. In support of their contention that the expense of Plaintiff's housing is an ordinary expense of life for which Plaintiff was obligated to pay from his workers' compensation benefits, *Page 2 
Defendants presented uncontested evidence through Ms. Delilah Freeman, the manager of Mill Creek Apartments where Plaintiff was living at the time of hearing, showing that there is no difference in the rent charged for handicapped accessible apartments and non-handicapped accessible apartments of the same size. Ms. Freeman further testified that it would be a violation of the State Fair Housing Act to charge a handicapped individual more for an apartment than a non-handicapped person. Defendants also raised a legitimate issue as to how the rent should be prorated between Defendants and Plaintiff, even if they were required to pay a portion of the rent."
The following new finding of fact is ADDED as Finding of Fact Number 17:
 "17. The Full Commission further finds that Defendants' conduct has been reasonable from the time of Plaintiff's injury. Defendant-Employer spent $15,000-$20,000 remodeling the home where Plaintiff chose to live following his release from a rehabilitation facility after his injury. Defendants then assisted Plaintiff in his move to an apartment after he moved from the home of Mr. and Ms. Wright that Defendant-Employer had renovated for him after living there for approximately six months. Defendant-Employer purchased and gave Plaintiff the title to a new vehicle which was modified to accommodate his needs. Defendant-Employer also gave Plaintiff's mother and father $5,000 for expenses when they came from Pennsylvania to visit him. Defendants also provided Plaintiff an advance payment to assist with the rent on his apartment for the first year after he moved to his own apartment. Defendants agreed to take a credit in the future in the amount of the advance payment if Plaintiff's case was resolved. Considering all of the evidence, Defendants' conduct and defense in this case did not constitute stubborn unfounded litigiousness."
Conclusion of Law Number 8 from the May 9, 2011 Full Commission Opinion and Award is STRICKEN and the following conclusion of law is substituted in its place:
 "8. As Defendants had valid legal defenses in this case, Plaintiff is not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1."
 *********** *Page 3 
Except as amended herein, the May 9, 2011 Opinion and Award for the Full Commission in this case shall remain as written.
This the ___ day of August 2011.
 S/________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/______________ PAMELA T. YOUNG CHAIR
 S/_________________ DANNY LEE McDONALD COMMISSIONER *Page 1